IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02385-BNB

FRANCES M. DE LA CRUZ,

    Plaintiff,

v.

SOCIAL SECURITY,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Frances M. De La Cruz, initiated this action by filing *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Ms. De La Cruz is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. De La Cruz will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the Complaint and finds that the Complaint is deficient. First, Ms. De La Cruz fails to provide an address for Defendant in order to effect service of process.  In addition, because it appears that Ms. De La Cruz is challenging an administrative denial of her claim for Social Security disability benefits, the appropriate Defendant is the Commissioner of Social Security and not Social Security.  *See* 20 C.F.R. § 422.210(d).

The Court also finds that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. De La Cruz fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Ms. De La Cruz fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As noted above, it appears that Ms. De La Cruz is seeking judicial review of a decision by the Commissioner of Social Security denying her claim for social security disability benefits under the Social Security Act.  If so, the court has jurisdiction to consider those claims pursuant to the Social Security Act.  However, if Ms. De La Cruz intends to assert some other claim or claims, she must identify the specific statutory authority that allows the court to consider the claim or claims.

Ms. De La Cruz also fails to provide a short and plain statement of her claims showing that she is entitled to relief.  Assuming Ms. De La Cruz is seeking judicial review of a decision by the Commissioner of Social Security denying her claim for Social Security disability benefits, she fails to allege when the Commissioner denied her claim, the reason her claim was denied, and why she believes the decision was erroneous. She also fails to identify the specific provision within the Social Security Act that authorizes her claim.

Therefore, Ms. De La Cruz will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action.  Ms. De La Cruz is advised that, in order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor*

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to satisfy the requirements of Rule 8, Ms. De La Cruz may want to attach to her amended complaint a copy of the Commissioner's decision denying her claim for benefits in addition to alleging the specific facts that support her claim as discussed above. Accordingly, it is

ORDERED that Ms. De La Cruz file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. De La Cruz shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. De La Cruz fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED September 12, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge