**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2385-WJM

FRANCES M. DE LA CRUZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER AFFIRMING ALJ'S DENIAL OF BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision denying Plaintiff's application for Supplemental Security Income benefits. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## I. BACKGROUND

Plaintiff Frances M. Delacruz is a female who was forty-six years old on her alleged disability onset date of December 20, 2004. (Admin. Record ("R.") at 129.) Plaintiff has previous work experience as a letter sorter for the United States Postal Service, and has attempted to work polishing silver. (R. 44, 168.)

Plaintiff filed an application for supplemental security income on February 11, 2008. (R. 129.) Plaintiff's claims were heard by Administrative Law Judge James A. Wendland ("ALJ") on October 22, 2009. (R. 13.) Plaintiff and vocational expert Daniel B. Best testified at the administrative hearing. (*Id.*)

On February 5, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2004. (R. 15.) At step two, he found that Plaintiff suffered from the following severe impairments: mild osteoarthritis of the bilateral shoulders and mild degenerative disk disease of the lumbar spine. (*Id.*) At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations. (*Id.*)

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform light work except that she could not be required to stoop, crouch, kneel, or climb stairs and ramps more than occasionally, and could not climb scaffolds, ladders and ropes, or crawl. (R. 16.) The ALJ also found that Plaintiff could not be required to sit for more than one hour at a time without the opportunity to stand, could not walk more than four blocks without the opportunity to sit, and could not be required to stand/walk more than four hours of an eight hour day. (*Id.*) Finally, the ALJ found that Plaintiff could not be required to work above shoulder level with her upper extremities, could not repetitively push, pull, or perform extended reaching with the upper extremities, and could not be required to work at unguarded heights or near unguarded

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

hazardous mechanical equipment.  (*Id.*)

At step four, the ALJ found that Plaintiff could not perform any past relevant work.  (R. 18.)  At step five, the ALJ found that there were significant numbers of jobs in the national economy that Plaintiff could perform.  (R. 19.)  Specifically, the ALJ found that Plaintiff could work as an electronic assembler or a printed circuit pre-assembler.  (R. 20.)

Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to benefits.  (R. 20.)  The Appeals Council denied Plaintiff's request for review on July 10, 2012.  (R. 1.)  Thus, the ALJ's February 5, 2010 decision is the final decision of the Commissioner for purposes of review.  (*Id.*)

Plaintiff then filed this action seeking review of the Commissioner's decision.  (ECF No. 1.)

## II.  LEGAL STANDARD

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the

agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. ANALYSIS

In her appeal, Plaintiff argues that the ALJ erred in the following ways: (1) by failing to satisfy SSR 96-7p with respect to his credibility assessment of Plaintiff; (2) by basing his determination on the lack of evidence in the x-ray records; and (3) by failing to provide a minimum of three jobs that Plaintiff could perform in the national economy. (ECF No. 18 at 3-4.) Plaintiff also contends that she is disabled based on diagnoses of severe depression and fibromyalgia that she has received since the ALJ rejected her application for benefits. (*Id.* at 3.) The Court will address each of these arguments in turn below.

### A. Credibility Assessment and SSR 96-7p

Plaintiff contends that the ALJ erred by failing to comply with Social Security Ruling ("SSR") 96-7p. (ECF No. 18 at 3-4.) SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of a claimant's statements, including his or her allegations of pain. *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996). In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff provides few specifics about how the ALJ failed to comply with SSR 96-7p, but appears to argue that the ALJ did not appropriately consider the fact that

Plaintiff allegedly could not afford to fulfill her prescribed therapy and treatment, and that her medication caused her stomach discomfort. (ECF No. 18 at 3.) SSR 96-7p directs an ALJ to consider explanations offered by the claimant as to why a particular course of treatment was not followed, including the inability to afford treatment. *See* SSR 96-7p, 1996 WL 374186, at *8. The problem with Plaintiff's argument in this case is that there is no evidence in the record before the ALJ that Plaintiff could not afford her prescribed medical treatment. At the hearing, Plaintiff testified that she did not take the medication prescribed because she did not want to become dependent on pills. (R. 34-37.) Plaintiff testified that she did not complete physical therapy because she felt "tortured" by it. (*Id*. at 37-38.) There is no evidence in the record indicating that Plaitniff's financial situation affected her ability to comply with her treatment. As such, it was not error for the ALJ to fail to consider Plaintiff's ability to pay for her treatment.

Plaintiff also argues that the ALJ failed to consider the fact that taking hydrocodone causes her to experience stomach discomfort. (ECF No. 18 at 3.) However, this misstates the record. The ALJ explicitly noted that Plaintiff "testified that all of her medications cause stomach pain and constipation." (R. 17.) The ALJ noted that this caused her to only take her prescribed medication about half of the time. (*Id*.) Thus, it appears that ALJ properly considered Plaintiff's explanation for her non-compliance with her prescribed course of treatment. The Court finds that Plaintiff has failed to show that the ALJ misapplied SSR 96-7p.

**B.     Weighing of Medical Evidence**

Plaintiff contends that the ALJ erred by determining that X-rays taken on

February 1, 2008 did not indicate that Plaintiff's condition was severe. (ECF No. 18 at 4.) Plaintiff points out that her condition, bursitis, is not skeletal and does not appear on x-rays. (*Id.*)

This argument again misstates the record. The ALJ found that Plaintiff suffered from the severe impairment of mild osteoarthritis of the bilateral shoulders. (R. 15.) The ALJ's reference to the February 1, 2008 x-rays was only part of his analysis of why he did not find Plaintiff's shoulder condition to be as limiting as Plaintiff testified at the hearing. In addition to the x-rays, in discrediting Plaintiff's subjective complaints, the ALJ relied on the fact that Plaintiff's testimony was inconsistent with her statements to the consultative examiner, her non-compliance with physical therapy, and the results of her consultative exam. (R. 17-18.) The ALJ does not appear to have misused or misinterpreted the results of the February 1, 2008 x-rays. As such, Plaintiff has failed to show any error.

**C.    Step Five**

In reliance on the testimony from a vocational expert, at step five, the ALJ found that Plaintiff could work as a electronic assembler (74,000 jobs in national economy) and a printed circuit pre-assembler (76,500 jobs in national economy). (R. 20.) Plaintiff argues that the ALJ erred, as a matter of law, because he only provided two jobs that Plaintiff could perform. (ECF No. 18 at 4.) Plaintiff contends that the ALJ is required to provide a minimum of three different jobs that she could perform. (*Id.*)

Notably, Plaintiff has cited no authority supporting her position. At step five of the disability process, an ALJ is required only to find that significant work exists in the

national or local economy that the Plaintiff can perform.  *See* 20 C.F.R. § 404.1566(a). Federal regulations do not require that any particular number of positions be identified, only that work exists in "significant numbers".  *Id*.

In this case, the ALJ identified more than 150,000 jobs in the national economy that Plaintiff could perform.  This far exceeds the number of positions necessary to constitute "significant numbers".  *See, e.g., Botello v. Astrue*, 376 F. App'x 847, 851 (10th Cir. 2010) (67,250 jobs in national economy is significant); *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (11,000 jobs in national economy is significant).

The Court therefore finds that the Plaintiff has failed to show any legal error in the ALJ's step five analysis.

### D.     Plaintiff's New Diagnoses

In her brief, Plaintiff states that "since her last hearing, the plaintiff has also been diagnosed with severe depression and fibromyalgia" and argues that these diagnoses have "further restricted the plaintiff's ability to engage in substantial gainful activity." (ECF No. 18 at 3.)  However, the Court's role in this proceeding is limited to reviewing the ALJ's decision, and there was no evidence of depression or fibromyalgia in the record before the ALJ.  Because Plaintiff did not include depression or fibromyalgia in her disability application, and neither she nor her counsel raised these ailments at the hearing, the ALJ was under no obligation to consider these diagnoses in determining whether Plaintiff was disabled.  *See Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (holding that an ALJ is not obliged "to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.").

Accordingly, Plaintiff has failed to show that the ALJ erred in not considering her depression and fibromyalgia with regard to whether she could perform substantial work in the national economy.

### IV.  CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Commissioner's denial of benefits.  The Clerk shall close this case and enter judgment in favor of Defendant.

Dated this 29th day of October, 2013.

BY THE COURT:

William J. Martinez
United States District Judge